IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION


MARGARET TAYLOR,                          :
                                          :
        Plaintiff,                        :
                                          :
vs.                                       :    Civil Action No.
                                          :    **5:04-CV-307 (RLH)**
JO ANNE B. BARNHART,                      :
Commissioner of Social Security,          :
                                          :
        Defendant.                        :
_____   :


## ORDER

The plaintiff herein filed applications for disability insurance benefits and Supplemental

Security Income benefits on August 1, 2001 and June 12, 2001 respectively; these applications

were denied initially and upon reconsideration, and the plaintiff then requested a hearing before

an Administrative Law Judge (ALJ), which was held on May 13, 2004.  In a decision dated May

24, 2004,  the ALJ denied plaintiff's claim.   The Appeals Council affirmed the ALJ's decision,

making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to

this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been

exhausted.   Both parties have consented to the United States Magistrate Judge conducting any

and all proceedings herein, including but not limited to the ordering of the entry of judgment.

The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit

Court of Appeals.  28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

   20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis,

further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

   The ALJ concluded that plaintiff had "severe" impairments of degenerative disc disease of

the cervical spine with myofacial pain syndrome and reflex dystrophy of the left arm, but that

plaintiff retained the residual functional capacity to perform a limited range of light work limited

by no more than occasional stooping, crouching, and overhead reaching.

### 1. Treating Physician

   Plaintiff asserts the ALJ erroneously disregarded the opinion of plaintiff's treating physician,

Dr. Giron, without articulating adequate reasons.

   The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion

of the treating physician is discounted; a non-examining physician's opinion is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v.

Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a

treating physician's opinion and any reason for giving it no weight, and failure to do so is

reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

   "The opinions of nonexamining, reviewing physicians, ... when contrary to those of

examining physicians are entitled to little weight in a disability case, and standing alone do not

constitute substantial evidence." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir.1987).   A

consultative examination is not to be given greater weight than the opinion of a treating

3

physician.  Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).  However, a treating physician's opinion may be discounted if it is not accompanied by objective medical evidence or is wholly conclusory.  Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Dr. Giron diagnosed plaintiff with left upper extremity complex regional pain syndrome (reflex sympathetic dystrophy).  (Tr. 297).  While the ALJ found that plaintiff had degenerative disc disease and reflex sympathetic dystrophy of the left arm, the ALJ refused to accept any of the supporting evidence from Dr. Giron.  The ALJ stated that Dr. Giron's records "contain little probative value and appears to be based primarily on subjective complaints rather than objective findings......I find Dr. Giron's office notes of little value since the Plaintiff's examination never changes."  (Tr. 20).   The ALJ noted that Dr. Giron's subsequent treatment reports were generally devoid of any clinical observations or testing - instead, the notes appeared to be recitations of plaintiff's subjective complaints (Tr. 20, 252-262A).

The ALJ is permitted to discount a physician's report when it is not accompanied by objective medical evidence. *See* Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). The weight afforded a physician's conclusory statements regarding a claimant depends upon the extent to which the statements are supported by clinical or laboratory findings and are consistent with other evidence of record. *See* Wheeler v. Heckler, 784 F.2dd 1073, 1075 (11th Cir. 1986); *see also* 20 C.F.R. § 416.927(d)(3) (the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.)

Furthermore, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings

and other evidence. See <u>Bell v. Bowen</u>, 796 F.2d 1350 (11th Cir. 1990). Opinions offered any medical source on issues such as whether the individual is disabled under the Act are not medical issues relating to the nature and severity of the individual's impairments. Rather, they are administrative findings dispositive of a case and hence reserved to the Commissioner. See Social Security Ruling 96-5p. While such opinions must not be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. § 404.1527(d), 416.927(d), including the degree to which the opinion provides supporting explanations and are consistent with the record when viewed as a whole.

While the ALJ was correct in discounting Dr. Giron's conclusion that plaintiff was likely to be disabled (see discussion above), the undersigned finds troubling the ALJ's conclusion that the diagnosis of reflex sympathetic dystrophy is entitled to controlling weight, but that nothing else in Dr. Giron's treatment notes is entitled to any weight.  While Dr. Giron treated plaintiff with conservative treatment (i.e. no surgery), plaintiff was regularly and continuously under his care, her medications were adjusted as needed, and plaintiff received nerve blocks to help manage her pain.  Perhaps plaintiff's examination results were the same because *her examination results were the same*.  Since Dr. Giron is apparently the first and perhaps the only doctor to diagnose plaintiff with reflex sympathetic dystrophy, his overall opinion should have been entitled to greater weight than that given by the ALJ.  Additionally, his treatment notes are evidence that plaintiff was suffering pain as a result of the reflex sympathetic dystrophy.

Upon remand, the ALJ should re-examine the treatment notes from Dr. Giron to ascertain

5

whether or not they are entitled to greater weight than given here.[1]

### 2. Credibility

Plaintiff asserts the ALJ erred in finding that plaintiff's subjective allegations were "significantly out of proportion to objective medical findings."  (Tr. 20).

As to plaintiff's credibility determination,  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.

---

[1]The Commissioner argues that Dr. Giron was not a treating physician at plaintiff's first examination.  That may have been true at that date; however, in light of the fact that Dr. Giron treated plaintiff over a period of some two years, this argument is without merit.

"[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

     In light of the fact that the undersigned is remanding this case for further consideration of Dr. Giron's records, and if found to be controlling, they provide evidence that plaintiff suffers from pain that has received ongoing treatment, the ALJ should also re-examine plaintiff's subjective complaints.   As pointed out by plaintiff, she has consistently sought medical attention for relief of her pain; this is an indication that the symptoms are a source of distress to the individual.  SSR 96-7p.

     Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.


**SO ORDERED**, this 22nd day of March, 2006.

                                        //S Richard L. Hodge_____
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

msd

7